IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 03-4224-CV-W-SOW |
| THE EXECUTIVE BOARD OF THE MISSOURI BAPTIST CONVENTION, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER

Before the Court are plaintiff Church Mutual Insurance Company's Motion for Summary Judgment (Doc. #111), plaintiff's Suggestions in Support, defendants The Executive Board of the Missouri Baptist Convention and Representative Churches' Suggestions in Opposition, and plaintiff's Reply. For the reasons stated below, plaintiff's motion is granted in part and denied in part.

Also before the Court are defendants' Motion for Partial Summary Judgment (Doc. #120), defendants' Suggestions in Support, plaintiff's Suggestions in Opposition, and defendants' Reply. For the reasons stated below, defendants' motion is granted.

Finally, plaintiff Church Mutual has filed a Motion for Leave to File Second Amended Complaint (Doc. #134). For the reasons stated below, this motion is denied.

I. Background

Plaintiff Church Mutual Insurance Company ("Church Mutual") requests that the Court grant summary judgment in its favor on Counts III and IV of plaintiff's First Amended

Complaint for Declaratory Judgment, as well as on each of the Counts of the Counterclaim filed by defendant The Executive Board of the Missouri Baptist Convention. Defendant Missouri Baptist Convention seeks summary judgment on Counts I and II of the Counterclaim it has filed against plaintiff Church Mutual.

The above-captioned declaratory judgment action was filed after defendants The Executive Board of the Missouri Baptist Convention and the Missouri Baptist Convention, an unincorporated association of churches, as a class, by and through certain representative members (First Baptist Church of Arnold, Missouri; First Baptist Church of Bethany, Missouri; First Baptist Church of Branson, Missouri; Concord Baptist Church of Jefferson City, Missouri; Oakwood Baptist Church of Kansas City, Missouri; and Springhill Baptist Church of Springfield, Missouri), filed a lawsuit for declaratory judgment, breach of contract, and injunctive relief in the Circuit Court of Cole County, Missouri. This underlying action was filed against The Baptist Home, Missouri Baptist College, Missouri Baptist Foundation, Windemere Baptist Conference Center, and Word and Way, as well as Matt Blunt, as the Missouri Secretary of State. The First Amended Petition filed in the Circuit Court of Cole County, Missouri, contains 15 counts which arise from the actions of The Baptist Home, Missouri Baptist College, Missouri Baptist Foundation, Windemere Baptist Conference Center, and Word and Way in amending their respective Articles of Incorporation.

In the underlying suit in the Circuit Court of Cole County, Missouri, the Missouri Baptist Foundation, Windemere Baptist Conference Center, Word and Way, Baptist Home, and Missouri Baptist College filed Counterclaims against the plaintiffs therein. The Counterclaims ask the Circuit Court of Cole County, Missouri, to declare and adjudge that the counterclaimants actions

2

in amending their respective Articles of Incorporation were proper, and that the court award them attorneys' fees and costs. The Missouri Baptist Foundation, Windemere Baptist Conference Center, and Word and Way are also insured by plaintiff Church Mutual. Neither Baptist Home nor Missouri Baptist College are insured by plaintiff Church Mutual. Plaintiff Church Mutual adds that defendants did not comply with the notice requirements of their respective insurance policies with respect to the counterclaims asserted by Missouri Baptist Home and Missouri Baptist College.

Specifically, the Counterclaim filed by the Missouri Baptist Foundation seeks the following findings:

1. The Foundation properly followed the provisions of Sections 352.060, 352.070, and 355.020, Mo. Rev. Stat., to accept Chapter 355 governance and said acceptance was lawful, valid, and effective October 9, 2001.

2. The Foundation properly followed the provisions of Sections 355.556 and 355.606, Mo. Rev. Stat., in adopting its Amended and Restated Articles of Incorporation, and said Articles being filed with the Secretary of State on October 10, 2001, and certified by the Secretary of State on the same day, were, and are, lawful, valid, and effective.

3. That neither the Missouri Baptist Convention, the Executive Board of the Missouri Baptist Convention, nor the individually named churches in the underlying lawsuit, are, or ever have been, members of the Foundation at any time relevant to the counterclaim and/or the plaintiffs' cause of action in the underlying lawsuit.

4. That neither the Missouri Baptist Convention, the Executive Board of the Missouri Baptist Convention, nor the individually named churches in the underlying lawsuit, had rights, either express or otherwise, to elect trustees under the Foundation's 1994 Articles of Incorporation, the First Amended Articles of Incorporation, or the Amended and Restated Articles of Incorporation.

5. That the Foundation did not perpetrate a fraud on the Circuit Court of Cole County in that the rights and/or privileges of the plaintiffs were not affected by the filing of any documents with the Court in that those alleged rights and/or

3

privileges, if any, could not have been affected until the Foundation filed the Amended and Restated Articles of Incorporation on October 10, 2001, with the Secretary of State.

6. The actions taken by the Board of Trustees, based on their fiduciary duty to the Foundation, were necessary in order to further the original purpose of the corporation, which has remained consistent throughout the 1994 Articles of Incorporation, the First Amended Articles of Incorporation and the Amended and Restated Articles of Incorporation. In light of the current ideological differences within the Missouri Baptist denomination, self-governance was necessary for the Foundation to operate consistent with its purpose and, therefore, the actions taken by the Foundation were in the best interests of the corporation.

7. That the Foundation's Amended and Restated Articles of Incorporation be declared and adjudged lawful, valid and effective as of October 10, 2001.

8. That the Foundation be granted an award of attorneys' fees and costs herein as permitted by law.

The Counterclaim filed by Word and Way against all plaintiffs in the underlying lawsuit asked the court to declare and adjudge the following:

1. That at the time the Board of Trustees of Word and Way adopted its 2001 Amended Articles, Word and Way had no members.

2. That plaintiffs in the underlying suit are not and have never been members of Word and Way.

3. That the Amended and Restated Articles of Incorporation adopted by the Board of Trustees on October 19, 2001, were lawfully and properly approved and adopted by the Board of Trustees of Word and Way in accordance with all Missouri laws and statutes and are valid and in effect.

4. That the plaintiffs in the underlying lawsuit do not have the right and/or privilege to elect trustees to the Board of Trustees of Word and Way under the 2001 Amended Articles.

5. That the 2000 Articles did not create any contractual relationship or obligation between Word and Way and/or the Missouri Baptist Convention, the Executive Board of the Missouri Baptist Convention or the Churches.

6. That the 2000 Articles did not confer any rights on the Missouri Baptist

4

Convention, the Executive Board of the Missouri Baptist Convention or the Churches as third-party beneficiaries.

7. That Word and Way may lawfully conduct its business in accord with the provisions of the Amended and Restated Articles of Incorporation adopted by the Board of Trustees on October 19, 2001 and filed with the Secretary of State on the same date.

8. That the property and assets of Word and Way are not, and shall not be construed to be the property and/or assets of the Missouri Baptist Convention, the Executive Board of the Missouri Baptist Convention or the Churches.

9. That Word and Way be granted an award of attorneys' fees and costs as permitted by law.

Windemere Baptist Conference Center also filed a Counterclaim for Declaratory

Judgment against the plaintiffs in the underlying lawsuit. In its prayer for relief, Windemere

Baptist Conference Center asks the court to declare:

1. That at the time the Board of Trustees of Windemere adopted its 2001 Amended Articles, Windemere had no members.

2. That the plaintiffs in the underlying lawsuit are not and have never been members of Windemere.

3. That the Amended and Restated Articles of Incorporation adopted by the Board of Trustees on July 30, 2001 and filed by Windemere with the Secretary of State on August 15, 2001 were lawfully and properly approved and adopted by the Board of Trustees of Windemere in accordance with all Missouri laws and statutes and are valid and in effect.

4. That the plaintiffs in the underlying lawsuit do not have the right and/or privilege to elect trustees to the Board of Trustees of Windemere under the 2001 Amended Articles.

5. That the 2000 Articles did not create any contractual relationship or obligation between Windemere and/or the Missouri Baptist Convention, The Executive Board of the Missouri Baptist Convention or the Churches.

6. That the 2000 Articles did not confer any rights on the Missouri Baptist Convention or the Churches as third-party beneficiaries.

5

7.  That Windemere may lawfully conduct its business in accord with the provisions of the Amended and Restated Articles of Incorporation adopted by the Board of Trustees on July 30, 2001 and filed with the Secretary of State on August 15, 2001.

8.  That the property and assets of Windemere are not, and shall not be construed to be the property and/or assets of the Missouri Baptist Convention, and the Executive Board of the Missouri Baptist Convention or the Churches.

9.  That Windemere be granted an award of attorneys' fees and costs as permitted by law.

The Missouri Baptist College Counterclaim alleges that the Missouri Baptist Convention and/or its Executive Board appointed members to the Board of Trustees for the College without the right to do so.  The Missouri Baptist College seeks certain declaratory relief by way of its Counterclaim in the underlying state court case.[1]

In the case currently before this Court, plaintiff Church Mutual seeks a declaration that the policies of insurance issued by it to defendants herein, The Executive Board of the Missouri Baptist Convention, the Missouri Baptist Convention, First Baptist Church of Bethany, Missouri, Oakwood Baptist Church of Kansas City, Missouri, and Springhill Baptist Church, do not trigger any duty to defend or indemnify these named defendants against the Counterclaims in the underlying lawsuit.

Defendant The Executive Board of the Missouri Baptist Convention has filed a three-count Counterclaim against plaintiff Church Mutual.  Count I is a claim for breach of contract based upon plaintiff's refusal to defend against the counterclaim in the underlying action.  Count II seeks a declaratory judgment that plaintiff is obligated to provide a defense and coverage to the

_____

[1]The Baptist Home is no longer a party to this lawsuit.  Therefore, the Counterclaim filed by the Baptist Home in the underlying state court case is not relevant to the motions currently before the Court.

6

defendants on the counterclaim in the underlying action. Finally, Count III seeks recovery for bad faith refusal to cover the counterclaim in the underlying action.

The additional undisputed facts relevant to plaintiff's motion for summary judgment are as follows: on March 11, 2004, the Circuit Court for Cole County, Missouri, entered an Order dismissing the underlying lawsuit with prejudice for lack of standing. The Circuit Court then dismissed the counterclaims as being moot. After the Circuit Court denied a Motion to Reconsider its March 11, 2004 Order, defendant The Executive Board of the Missouri Baptist Convention filed a Notice of Appeal in the Missouri Court of Appeals for the Western District.

Defendants Word and Way, Windemere, and The Missouri Baptist Foundation have subsequently been dismissed from the suit before this Court through a Stipulation for Voluntary Dismissal. The only counts of the Amended Complaint that remain are Counts III and IV in which plaintiff Church Mutual asks this Court to declare that Church Mutual has no coverage for and no contractual duty to defend the Executive Board of the Missouri Baptist Convention, First Baptist Church of Bethany, Missouri, Oakwood Baptist Church of Kansas City, Missouri, and Springhill Baptist Church of Springfield, Missouri against the Counterclaims for Declaratory Judgment filed against them in the underlying lawsuit. Plaintiff Church Mutual also seeks summary judgment on the Counterclaim filed against it by defendant The Executive Board of the Missouri Baptist Convention.

A.  The Missouri Baptist Convention

Church Mutual issued a Commercial Multi-Peril Policy of Insurance (Policy No. 0187572-02-057154) and an Umbrella Liability Policy of Insurance (Policy No. 0187572-81-057157) to defendant Missouri Baptist Convention on December 31, 2001, covering the period

7

of December 31, 2001 through December 31, 2004.  The Commercial Multi-Peril Policy of

Insurance issued by plaintiff to defendant Missouri Baptist Convention contains six coverage

parts, including property coverage, general liability coverage, crime coverage, inland marine

coverage, professional liability coverage, and hired and nonowned automobile liability coverage.

Plaintiff Church Mutual and defendants agree that the provisions relevant to the case

before this Court are the Legal Defense Coverage Form and the Directors, Officers, and Trustees

Liability Coverage Form contained in the Commercial Multi-Peril Policy.  The Legal Defense

Coverage Form provides:

### A.    LEGAL DEFENSE COVERAGE

#### 1.    Insuring Agreement

We will pay "defense costs," incurred by the insured, that result
from a "suit" to which this insurance applies.  This insurance
applies to these "defense costs" only if:

a.    The "suit" results from a "defensible incident" that takes place in the
"coverage territory";

b.    The "suit" results from a "defensible incident" that occurs during the
policy period.

The Legal Defense Coverage Form defines a "defensible incident" as "any acts, omissions or

failures of the insured."

The Directors, Officers and Trustees Liability Coverage Form (hereinafter referred to as

the "D & O Form") provides:

### B.    DIRECTORS, OFFICERS AND TRUSTEES LIABILITY COVERAGE

#### 1.    Insuring Agreement

a.    We will pay on your behalf those sums that any of your "Directors,
Officers or Trustees" become legally obligated to pay for "loss" arising

8

from any claim or claims because of injury arising out of a "wrongful act" to which this insurance applies.

\*          \*          \*

d.    We will have the right and duty to defend the insured against any "suit" seeking payment for "loss" and to pay for the "defense expense." However, we will have no duty to defend the insured against any "suit" seeking payment for "loss" to which this insurance does not apply . . . .

The D & O Form defines "loss" as "damages, judgments, settlements, and defense expenses." It does not include "fines, taxes, penalties, nonmonetary damages and injunctive relief." A "wrongful act" is defined as:

a.    Any actual or alleged:

(1)    Error or misstatement,

(2)    Misleading statement,

(3)    Neglect or breach of duty, or

(4)    Act or omission,
in the discharge of their duties for the insured as a director, officer or trustee.

b.    Any other matter against your "directors, officers, or trustees" solely by reason of their being your "directors, officers or trustees."

B.    <u>First Baptist Church of Bethany, Missouri</u>

It is undisputed that Church Mutual issued a Church Package Policy of Insurance (Policy No. 0192353-21-112595) to defendant First Baptist Church of Bethany, Missouri on April 25, 2002, covering the policy period of April 25, 2002 through April 25, 2005. The Church Package Policy of Insurance contains general liability coverage for products-completed operations, bodily injury, property damage, personal and advertising injury, and sexual misconduct, as well as professional liability coverage for counseling professionals. Plaintiff asserts that none of these

9

provisions impose a duty to defend or indemnify defendant First Baptist Church of Bethany, Missouri against the Counterclaims in the underlying lawsuit.

Defendant First Baptist Church of Bethany adds that the insurance package contains a Legal Defense clause which states:

> We will pay "defense costs," incurred by the insured, that result from a "suit" to which this insurance applies.  This insurance applies to these "defense costs" only if:
>
> a.  The "suit" results from a "defensible incident" that takes place in the "coverage territory";
>
> b.  The "suit" results from a "defensible incident" that occurs during the policy period; . . . .

"Defensible incident" is defined as any acts, omissions or failures of the insured.

C.    Oakwood Baptist Church

Church Mutual issued a Commercial Multi-Peril Policy of Insurance (Policy No. 0025224-02-0873882) on January 1, 2000, covering the policy period of January 1, 2000 through January 1, 2003, and an Umbrella Liability Policy of Insurance (Policy No. 0025224-81-058762) on January 1, 2002, covering the policy period of January 1, 2002 through January 1, 2005 to defendant Oakwood Baptist Church.

The Commercial Multi-Peril Policy of Insurance contains six coverage parts, including property coverage, general liability coverage, crime coverage, inland marine coverage, professional liability coverage, and hired and nonowned automobile liability coverage.  The parties agree that only the Director's, Officer's, and Trustee's Liability Coverage Form (the "D & O Form") contained in the Commercial Multi-Peril Policy is relevant to this lawsuit.

The D & O Form provides:

10

**DIRECTORS, OFFICERS AND TRUSTEES LIABILITY COVERAGE**

    **1.**    **Insuring Agreement**

    a.    We will pay on your behalf those sums that any of your "Directors, Officers or Trustees" become legally obligated to pay for "loss" arising from any claim or claims because of injury arising out of a "wrongful act" to which this insurance applies.

             \*        \*        \*

    c.    It shall be the duty of the insureds to defend claims, provided that no "defense expenses" shall be incurred and no settlement of any claim shall be made without our consent, such consent not to be unreasonably withheld.  But:

        (1) We shall have the option, but not the duty, to defend, investigate, or settle claims made against the insured.

The D & O Form defines "loss" as "damages, judgments, settlements, and 'defense expenses.'"

A "wrongful act," with respect to "directors, officers, and trustees" is defined as:

    a.    Any actual or alleged:

        (1)    Error or misstatement,

        (2)    Misleading statement,

        (3)    Neglect or breach of duty, or

        (4)    Act or omission,
               in the discharge of their duties for the insured as a director, officer or trustee.

    b.    Any other matter against your "directors, officers, or trustees" solely by reason of their being your "directors, officers or trustees."

Church Mutual also issued defendant Oakwood Baptist Church an Umbrella Liability Policy that provides bodily injury and property damage liability coverage and personal and advertising liability coverage.  The parties agree that nothing in the Umbrella Liability Policy

11

imposes a duty to defend or indemnify Oakwood Baptist Church against the Counterclaims filed in the underlying lawsuit.

D.    <u>Springhill Baptist Church</u>

Church Mutual issued a Commercial Multi-Peril Policy of Insurance (Policy No. 0183725-02-999499) and an Umbrella Liability Policy of Insurance (Policy No. 0183725-81-005377) to defendant Springhill Baptist Church on June 14, 2001, covering the policy period of June 14, 2001 through June 14, 2004. The Commercial Multi-Peril Policy of Insurance issued by plaintiff to Springhill Baptist Church contains five coverage parts, including property coverage, general liability coverage, crime coverage, professional liability coverage, and hired and nonowned automobile liability coverage.

The parties agree that only the Legal Defense Coverage Form and the Directors, Officers, and Trustees Liability Coverage Form, contained in the Commercial Multi-Peril Policy, are relevant to this lawsuit. The Legal Defense Coverage Form provides:

A.    **LEGAL DEFENSE COVERAGE**

1.    Insuring Agreement

We will pay "defense costs" incurred by the insured, that result from a "suit" to which this insurance applies. This insurance applies to these "defense costs" only if:

a.    The "suit" results from a "defensible incident" that takes place in the "coverage territory";

b.    The "suit" results from a "defensible incident" that occurs during the policy period.

12

A "defensible incident" is defined as "any acts, omissions or failures of the insured."

The Commercial Multi-Peril Policy of Insurance issued by plaintiff to defendant Springhill Baptist Church also contains a Directors, Officers, and Trsutees Liability Coverage Form ("D & O Form"). This Form provides, in relevant part:

### DIRECTORS, OFFICERS AND TRUSTEES LIABILITY COVERAGE

**1.     Insuring Agreement**

      a.      We will pay on your behalf those sums that any of your "Directors, Officers or Trustees" become legally obligated to pay for "loss" arising from any claim or claims because of injury arising out of a "wrongful act" to which this insurance applies.

*          *          *

      c.      We will have the right and duty to defend the insured against any "suit" seeking payment for "loss" and to pay the "defense expense." However, we will have no duty to defend the insured against any "suit" seeking payment for "loss" to which this insurance does not apply. . . .

In the D & O Form, "loss" is denied as "damages, judgments, settlements, and defense expenses."

E.     <u>Coverage Issue</u>

It is undisputed that plaintiff Church Mutual never offered to provide a defense to the Missouri Baptist Convention or the churches for the counterclaims filed in the Cole County, Missouri litigation. Church Mutual did provide a defense to the defendants in the underlying litigation who were insured by Church Mutual.

In addition, it is undisputed that Church Mutual issued a $5,000.00 payment to the Missouri Baptist Convention for Legal Defense Coverage on September 11, 2003. Church Mutual denied coverage for defense costs beyond the $5,000.00 payment.

13

F.     Underlining Litigation

On March 11, 2004, the Circuit Court of Cole County, Missouri entered a Judgment of Dismissal and ordered that court costs be taxed against the plaintiffs in the underlying litigation.

## II.  Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986)(citing Fed. R. Civ. P. 56(c)).  If a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Id. at 324.

## III.  Discussion

A.     Plaintiff Church Mutual's Motion for Summary Judgment

"The duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case and is not dependent on the probable liability to pay based on the facts ascertained through trial." McCormack Baron Management Services, Inc. v. American Guarantee & Liability Insurance Co., 989 S.W.2d 168, 170 (Mo. banc 1999)(citation omitted). The court is to compare the language of the policy with the allegations in plaintiff's Petition.  Id. Missouri Terrazzo Co. v. Iowa Nat. Mut. Ins. Co., 740 F.2d 647 (8th Cir. 1984).  If the language of the policy is clear and unambiguous, courts do not have the power to rewrite the policy for the parties and must construe the policy as written.  Parkmark Corp. v. Liberty Mut. Ins. Co., 943 S.W.2d 256, 258-59 (Mo. Ct. App. 1997)(citing Madison Block Pharmacy, Inc. v. U.S. Fidelity

14

& Guaranty Co., 620 S.W.2d 343, 346 (Mo. banc 1981)).

1.  Plaintiff Church Mutual's Alleged Duty to Defend or Indemnify the Missouri Baptist Convention

Plaintiff argues that none of the allegations contained in the Counterclaims for Declaratory Judgment filed in the underlying state court law suit asserts an offense or loss sufficient to trigger a duty to defend or indemnify the Missouri Baptist Convention under the Commercial Multi-Peril Policy of Insurance, and particularly under the Legal Defense Coverage Form or the D & O Coverage Form. The Counterclaims asserted by the Missouri Baptist Foundation, Word & Way, and Windemere against the plaintiffs in the underlying lawsuit, as set forth in greater detail above, asked the Circuit Court to declare that the actions of the counterclaimants in amending and restating their respective Articles of Incorporation were lawful, valid and effective to terminate the Convention's role in their charters; that the Missouri Baptist Convention was not a corporate member of the respective entities and therefore lacked standing to challenge charter amendments under Mo. Rev. Stat. §355.141; that the Convention possessed a privilege, but not a right, to elect trustees to the respective entities; and that the property and/or assets of the respective entities not be construed to be the property and/or assets of the Missouri Baptist Convention. It is undisputed that none of the counterclaims in the underlying lawsuit sought monetary damages from the Missouri Baptist Convention. The counterclaimants in the underlying lawsuit did seek attorneys' fees and costs in the event that they prevailed on their counterclaims.

Plaintiff Church Mutual suggests that based upon the absence of a claim for damages in the counterclaims in the underlying lawsuit, the Missouri Baptist Convention and representative

15

churches cannot in good faith argue that the insurance policy applies. Plaintiff contends that insurance is designed to protect insureds from losses they might sustain from claims asserted against them, not from a declaration of rights as was the issue in the underlying litigation. If the counterclaims at issue do not allege any conduct or wrongful act that could potentially trigger coverage, then Missouri law holds that there is no duty to defend. Millers Mut. Ins. Ass'n of Illinois v. Shell Oil Co., 959 S.W.2d 864 (Mo. Ct. App. 1997); Missouri Terrazzo Co. v. Iowa Nat. Mut. Ins. Co., 740 F.2d 647 (8th Cir. 1984). Plaintiff Church Mutual takes the position that the counterclaims in the underlying suit do not allege such conduct or a "wrongful act."

The D & O Coverage Form applies to sums that any of the "Directors, Officers or Trustees" become legally obligated to pay for "loss" arising from any claim or claims because of injury arising out of a "wrongful act" to which the insurance applies. A "loss" is defined to include "damages, judgments, settlements, and 'defense expenses.' 'Loss' does not include fines, taxes, penalties, nonmonetary damages and injunctive relief." A "wrongful act" is defined as "any actual or alleged: (1) error or misstatement, (2) misleading statement, (3) neglect or breach of duty, or (4) act or omission, in the discharge of their duties for the insured as a director, officer, or trustee."

Plaintiff takes the position that the counterclaims in the underlying lawsuit do not subject defendant Missouri Baptist Convention to a "loss" as defined in the policy. The policy definition of a "loss" includes judgments and "defense expenses." These "defense expenses" are further defined as:

> "Defense expense" means payments allocated to a specific claim or "suit" and includes:
>
> . . .

16

b. Fees of attorneys the insured retains when by mutual agreement, court order, or law the insured is given the right to retain defense counsel to defend a "suit."

c. All other litigation expenses.

. . .

f. Costs taxed against the insured in the "suit." For the purpose of this coverage, costs do not include prejudgment interest or post judgment interest.

A "suit" is defined as "a civil proceeding in which a 'loss' because of injury to which this insurance applies is alleged."

The counterclaims in the underlying lawsuit sought a judgment that the counterclaimants actions in amending and restating their respective Articles of Incorporation was lawful, valid, and effective to terminate the Missouri Baptist Convention's role in their charters. The counterclaims also sought declaratory judgments finding that the Convention was not a corporate member of their respective entities and thus the Convention lacked standing to challenge the charter amendments and that the property and/or assets of the respective entities not be construed to be the property and/or assets of the Missouri Baptist Convention.

The terms "judgments" and "defense expenses" do encompass the subject claims at issue in this declaratory judgment action. In addition, the counterclaimants were seeking an award of attorneys' fees and costs. Such an award "is indistinguishable from a damages award for [insurance] coverage purposes." Hyatt Corp. v. Occidental Fire & Casualty Co., 801 S.W.2d 382, 393 (Mo. Ct. App. 1990).

In addition, the Legal Defense Coverage Form applicable to Missouri Baptist Convention

17

provides that plaintiff Church Mutual will pay "defense costs" resulting from a "suit" arising from a "defensible incident." A "defensible incident" is defined to include "any acts, omissions or failures of the insured." Defendant Missouri Baptist Convention argues that since the counterclaims are premised on acts or omissions by the Convention, the policy applies and plaintiff Church Mutual is obligated to provide defense costs. The Court agrees with defendant Missouri Baptist Convention that plaintiff is obligated to provide "defense costs" under this provision of the policy. It is obvious that the counterclaims in the underlying lawsuit are premised on acts or omissions of the insured, defendant Missouri Baptist Convention. Furthermore, plaintiff Church Mutual has already admitted the applicability of this provision to the subject claims and paid a portion of the defense costs pursuant thereto. The Convention argues that plaintiff is now estopped from denying that coverage exists.

Application of the estoppel doctrine is justified when there is "(1) an admission, statement, or act inconsistent with the claim afterwards asserted or sued upon, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement, or act." Brown v. State Farm Mutual Automobile Insurance Co., 776 S.W.2d 384, 386 (Mo. banc 1989)(quotation omitted). Defendant Missouri Baptist Convention asserts that Church Mutual's act of paying that coverage is inconsistent with the claims it is asserting in this litigation. The Court agrees. Implicit in plaintiff Church Mutual's payment of legal defense coverage is a finding that the counterclaims at issue constitute a "suit" to which the insurance policy applies.

2.    Plaintiff Church Mutual's Obligation to Defend or Indemnify First Baptist Church of Bethany, Missouri

Plaintiff argues that the allegations in the Counterclaims filed in the underlying lawsuit do not allege any conduct or wrongful act that could trigger insurance coverage and a duty to defend.

The First Baptist Church of Bethany was named as a counterclaim defendant in the underlying lawsuit in its capacity as one of the member churches representing the Missouri Baptist Convention in the underlying litigation. Defendants argue that Church Mutual's duty to defend and indemnify the Convention extends to the First Baptist Church. Plaintiff did issue Legal Defense Coverage to First Baptist Church as part of the Church Package Policy which was in effect at the time the counterclaims were filed in the underlying litigation. The insuring language is identical to the Legal Defense Coverage Form issued to the Missouri Baptist Convention discussed above.

The underlying counterclaims alleged acts, omissions or failures on the part of the representative churches, in their capacity as representative members of the Missouri Baptist Convention. Therefore, the counterclaims qualify as a "defensible incident" and plaintiff is obligated to provide defense costs.

3.     Plaintiff's Obligation to Defend or Indemnify Defendant Oakwood Baptist Church

Plaintiff Church Mutual argues that the counterclaims in the underlying lawsuit do not allege any "wrongful acts" sufficient to trigger any duty to defend or indemnify defendant Oakwood Baptist Church. The Church was named as a counterclaim defendant in the underlying lawsuit in its capacity as one of the member churches representing the Missouri Baptist Convention in the underlying litigation. Defendants argue that Church Mutual's duty to defend and indemnify the Convention extends to Oakwood Baptist Church by virtue of the D & O coverage issued to the Oakwood Baptist Church by plaintiff Church Mutual.

19

The insuring language in Oakwood's D & O Form places the duty to defend on the insured, but dictates that the insurer may not unreasonably withhold its consent with respect to defense expenses incurred by the insured. The term "loss" in the Oakwood policy is defined as "damages, judgments, settlements, and 'defense expenses.'"

The Court finds that plaintiff had a duty to defend Oakwood Baptist Church against the counterclaims in the underlying lawsuit because the counterclaims were seeking judgments and Oakwood is entitled to coverage for defense expenses.

4.      Plaintiff's Obligation to Defend or Indemnify Springhill Baptist Church

Plaintiff claims that none of the counterclaims in the underlying lawsuit allege any offenses or losses sufficient to trigger any duty to defend or indemnify defendant Springhill Baptist Church. The Court finds that plaintiff has a duty to defend Springhill Baptist Church based upon the Legal Defense Coverage issued to Springhill Baptist Church by plaintiff. The Legal Defense Coverage Form and the D & O Form in Springhill's policy contain the same insuring language as the policies issued to the Convention in all material respects.

The counterclaims in the underlying lawsuit alleged injury arising out of acts or omissions of the representative churches, including Springhill Baptist Church. Therefore, plaintiff had a duty to defend Springhill Baptist Church against the counterclaims.

5.      Plaintiff's Motion for Summary Judgment on the Missouri Baptist Convention's
        Counterclaims

Plaintiff Church Mutual asserts that it is entitled to summary judgment on Count I (Breach of Contract) and Count II (Request for Declaratory Judgment) of the Missouri Baptist Convention's counterclaim because plaintiff had no duty to defend or indemnify the Convention

for the subject claims. Given the Court's finding that there was a duty to defend, plaintiff's motion for summary judgment on these claims must be denied.

Count III of the Missouri Baptist Convention's counterclaim in this litigation seeks recovery for bad faith refusal to provide a defense against the counterclaims. Again, plaintiff argues that there cannot be a claim for bad faith, or vexatious, refusal to pay where there was no duty to defend or indemnify the insured. The Court rejects this argument given the findings above.

Plaintiff also asserts that it cannot be held liable for vexatious refusal to pay insofar as the record demonstrates that it had reasonable cause to believe that it had a meritorious defense. State ex rel. Webb v. Hartford Cas. Ins. Co., 956 S.W.2d 272 (Mo. Ct. App. 1997). Given the policy language, and the nature of the claims asserted against the Missouri Baptist Convention in the counterclaims in the underlying lawsuit, the Court finds that plaintiff did have a reasonable basis for denying the counterclaimants a defense and indemnity under the policy issued to Missouri Baptist Convention. Therefore, plaintiff's motion for summary judgment on Count III of the Counterclaim filed by Missouri Baptist Convention is granted.

B.     Defendant Missouri Baptist Convention's Motion for Partial Summary Judgment

Defendant Missouri Baptist Convention seeks summary judgment on Counts I and II of its Counterclaim against plaintiff Church Mutual. Defendant has filed essentially the same brief in support of its motion for partial summary judgment as it filed in opposition to plaintiff Church Mutual's motion for summary judgment.

As discussed above, the policy language found in the policies issued by plaintiff Church Mutual triggered a duty to defend the Missouri Baptist Convention and the representative

21

churches against the counterclaims filed in the underlying lawsuit. Plaintiff took the position that it was not required to defend or indemnify the Missouri Baptist Convention or the representative churches against said counterclaims. Therefore, based upon the discussion above, defendants are entitled to summary judgment on the liability portions of Counts I and II of the Counterclaim.

C.     Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff requests leave to file a Second Amended Complaint. This request is premised upon the filing of a second lawsuit in the Circuit Court of Cole County, Missouri on October 25, 2004. Despite the fact that the lawsuit was filed in October, plaintiff did not request leave to file a Second Amended Complaint until February of 2005. Meanwhile, the parties had extensively briefed the cross-motions for summary judgment discussed above.

Defendants object to plaintiff being allowed to file a Second Amended Complaint at this stage of the proceedings. The Second Amended Complaint names as defendants entities that were previously dismissed from this case for failure to state a claim or through a stipulation with the plaintiff.

Plaintiff has failed to demonstrate good cause for filing a Second Amended Complaint at this stage of the proceedings and, therefore, the motion is denied.

IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that plaintiff Church Mutual Insurance Company's Motion for Summary Judgment (Doc. #111) is granted in part and denied in part. It is further

ORDERED that plaintiff's motion for summary judgment on Counts III and IV of its Amended Complaint for Declaratory Judgment is denied. It is further

22

ORDERED that plaintiff's motion for summary judgment on Counts I and II of the Counterclaim filed by defendant Missouri Baptist Convention is denied. It is further

ORDERED that plaintiff's motion for summary judgment on Count III of the Counterclaim filed by defendant Missouri Baptist Convention is granted. It is further

ORDERED that defendants' Motion for Partial Summary Judgment (Doc. #120) is granted and summary judgment is granted in favor of defendants on the liability portion of Counts I and II of defendants' Counterclaim. It is further

ORDERED that the parties contact the Courtroom Deputy for this division, Kelly McIlvain, at (816) 512-5744 to schedule a damages hearing on Counts I and II of defendants' Counterclaim. It is further

ORDERED that plaintiff Church Mutual's Motion for Leave to File Second Amended Complaint (Doc. #134) is denied.


/s/Scott O. Wright_____
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 6-24-05